---

## THE RYGJA.

(District Court, S. D. New York. December 26, 1906.)

**1. Shipping—Time Charter Party—Construction.**
The effect of using the word "about" in stating the term of a time charter is to allow an underlap or surrender of the vessel a brief time before the expiration of the time mentioned, while with respect to an overlap it merely embodies in the contract the rule which permits the charterer to retain the vessel until the completion of such reasonable voyage as she is on when the charter term expires.

**2. Same—Overlap.**
The rule that the term of a time charter does not expire until the completion of the voyage the vessel is on when the time stated ends is one of commercial necessity, and should not be extended beyond its requirements.

**3. Same—Expiration of Term—Use of Word "About."**
Where a time charter was for "about" six months, with privilege of renewal by the charterer by giving notice for a further period of about six months more, upon such renewal it became a charter for "about" one year from the beginning, and the owner was entitled to a redelivery of the vessel on completion of the voyage she was on at the expiration of one year. The charterer cannot extend the term by claiming such overlap at the end of both six-month periods.

In Admiralty. Action for breach of charter party.

Wheeler, Cortis & Haight and Mr. Bullowa, for libelant.

Convers & Kirlin and Mr. Woolsey, for claimant and respondent.

HOUGH, District Judge. The libelant chartered the Rygja "for a period of about six calendar months" from her "time of delivery." He also obtained by the charter party the right to hire her "for a further period of about six calendar months more," provided he gave notice of his intention to continue with the vessel "one month previous to the expiration of the first-named term." The steamer was delivered under the charter party July 13, 1905, and on the following December 12th the charterer gave notice of his intention to keep the vessel for the additional period of "about six months." The Rygja was continually engaged in voyages contemplated by the charter party, and when exactly six months from July 13, 1905, expired was upon a law-

ful and uncompleted voyage, which did not terminate until March 4, 1906. Under Straits of Dover S. S. Co. v. Munson (D. C.) 95 Fed. 690, affirmed 100 Fed. 1005, 41 C. C. A. 156, Anderson v. Munson (D. C.) 104 Fed. 913, Dene S. S. Co. v. Bucknall Bros., 5 Comm. Cases, 372, the charterer claims that the first period of "about six months" expired only with that voyage, i. e., on March 4, 1906, and that from that date must be calculated a second similarly elastic period, so that the term of the charter party would not expire until September 4, 1906, at the earliest, and might extend over possibly two months more. It is said to logically follow that the date of notification of extension was similarly movable, and, although given as if the charter party had been for exactly six months, it might have been effectively served as late as February 4, 1906, i. e., one month prior to the termination of the voyage upon which the steamer was engaged when the sixth months from delivery was complete.

It is true, as urged, that each word intentionally inserted in a contract must be given, if possible, its fair significance; but I think this commercial document can be interpreted with due regard to all its words without expending two periods of "about six months" into either one year or nearly a year and a half, according to the preference of the charterer. The extended period of a charter for an exact time, recognized by the decisions of this court, supra, or created by force of the word "about" in a charter party so worded, is known in the trade as an "overlap." It has been testified without contradiction that under an "about" time charter the charterer may relinquish the vessel some brief time before the expiration of the number of months inserted in the charter party, and modified by the word "about," and such time is known as an "underlap." Without such modification of the specified time of charter, while "overlap," has been held under the cases cited to be lawful, no "underlap" is permissible. Full significance is given to the language of the contract by recognizing the word "about" as creating the underlap, and in respect of overlap, embodying in the charter party the rule obligatory in this court since the Straits of Dover, supra. The rule referred to rests upon a commercial necessity, arising from the impossibility of having a time chartered vessel in a port of redelivery exactly at the expiration of a definite period for which hire may have been agreed upon. Beyond the requirements of this commercial urgency, it should not be extended, and I regard The Laureldene (Dene S. S. Co. v. Bucknall Bros., supra) as a very extreme instance of its application.

Whether the "underlap" right may be availed of by both charterer and owner need not be here discussed or decided, but it follows from the above view of this extraordinary charter party that the word "about" does not serve to enlarge or diminish the charter term, except as demanded by reasonable business requirements, and has no relation to its normal expiration or the time of giving notice of renewal. Therefore, when this charterer gave notice a month and a day before the expiration of exactly six months of hire, he signified his intention of continuing with the ship for "about six months more" from January 13, 1906, and the whole period of engagement became equivalent to

á charter for "about twelve months." The charter party in question provided for a redelivery of the steamer at "a United States Gulf or Atlantic port or a port in Europe at charterer's option." On June 12, 1906, the Rygja was on a voyage from South American ports via Cuba to New York, there to discharge cargo, and on that date the charterer gave notice of his intent to make redelivery at a European port. The then voyage of the steamer ended at New York August 4, 1906, and upon its completion the shipowner refused to permit her to sail for Europe, declared the charter ended, and resumed control of the ship. The charterer, asserting that the ship's engagement for the second "about six months" period had not terminated, brings this action for a breach of charter party.

Regarding the agreement as in effect for "about twelve months," this case is that of Bucknall Bros. v. Murray, 5 Comm. Cases, 312, and with that decision I entirely concur. See, also, The Istoc, 7 Comm. Cases, 190. The charterer finally urges that since June 12, 1906, was within the strict 12-month period, his designation of a port of redelivery in Europe operated as a fixing of the date of termination of hire, lawful if such termination would normally occur within "about six months," or say eight months, of January 13, 1906. The difficulty with this claim is that the Rygja on June 12th was really bound to New York, there to complete her voyage and discharge cargo in a port of redelivery. The act of the charterer in saying that he wou'd send her on a new voyage to Europe could not change that fact, nor enlarge the actual voyage. What would have been required by law and justice had the charterer when near the end of his definite term availed himself of the word "about" to send the ship on the longest voyage possible need not be now considered, further than to note that in my opinion The Laureldene, supra, should on this point require serious consideration before receiving the adherence of American courts.

Let the libel be dismissed, with costs.